Ruffes, C. J.
 

 It is very true, that, if a creditor discharge one joint debtor from arrest on execution, the debt is thereby satisfied, and he can neither proceed against that or any other debtor on the judgment, nor their bail.
 
 Bryan
 
 v.
 
 Simonton,
 
 1 Hawks 51. But that, necessarily, supposes the debtor to be under a lawful arrest; for the creditor cannot be held to be satisfied of his debt, because
 
 *36
 
 he will not persist in, nor sanction, an illegal and false imprisonment. Now in this case, several propositions
 
 are
 
 very clear, which constitute the imprisonment of Walker one of that character. There is no doubt, that letting, Walker go at large after having first taken him, was an escape ; and, being by the express assent of the Sheriff’s deputy, Wright, it was a voluntary escape. Therefore the Sheriff could not re-take him, and was liable to Walker’s action, for false imprisonment for so doing,
 
 Spencer
 
 v. Moore, 2 Dev. and Bat. 204.
 
 Atkinson
 
 v.
 
 Jameson,
 
 5 T. R. 25. It is true, the creditor may, if he chooses, have another
 
 capias ad satisfaciendum,
 
 or have debt on the judgment,
 
 Jones
 
 v.
 
 Pope,
 
 l Saund. 34, note 1. But certainly he is not bound thus to proceed, but may at once look to the Sheriff on his liability for the escape, or look to any other security he may have ; and his omission or refusal to re-take the debtor, who escaped, either on the same or another execution, cannot amount to discharging: him from lawful arrest. If it did, it would discharge that debtor, as well as the other. Then, inasmuch as the Sheriff had no power of himself, and merely by force of the writ, to re-talte Walker, and inasmuch as the creditor was not obliged to do it, and might, as he did, direct the Sheriff not to arrest him again, the conclusion must be, that the creditor had a light, without affecting any other remedy for his1 debt, to declare to the' Sheriff, after the second and unlawful
 
 arrest of
 
 Walker
 
 by
 
 the Sheriff of his own accord, that he was acting without the creditor’s authority, and that be did not mean to legalise the imprisonment by giving to it his assent. Supposing, therefore, that the plaintiff, either upon the return of Walker into' custody, or after his being a second time taken by the Sheriff might have admitted him to be in execution, so as to make the Sheriff liable for an escape subsequent thereto, yet, to have that effect, some act in recognition of such second imprisonment on the part of the creditor was indispensable, to give it the force of a legal impris
 
 *37
 
 onment, as respected the rights of the creditor. For in. an action for a voluntary escape, it is no answer, that the Sheriff re-took the debtor before suit. His refusal, merely, to allow the Sheriff in such a case the advantage of his authority, as creditor, cannot be construed into a turning and discharging the debtor out of custody by the creditor himself. Far from it; for the law forebade the Sheriff to retake the debtor, and he was entitled to his discharge by law, without the creditor’s saying or doing any thing. The plaintiff, it appears then, did no wrong to Walker, nor to the other joint debtor, Forkner, nor to the defendant, as the bail of the latter. Nor would the defendant’s liability, as bail of Forkner, (as to whom«o?¿
 
 así inventus
 
 was returned,) be affected by any return the ¡¿sheriff’ could have made, under the circumstances, as to Walker. For if he had returned
 
 Cepi corpus,
 
 and actually committed Walker tó prison, still the plaintiff might demand the body of his other debtor, and take judgment against liis bail for the want of producing him. And if he had returned the voluntary escape of Walker, according to the truth of the case, there would be the same reason why the creditor might enforce the payment from Forkner or from the Sheriff, who, while bail for Forkner, voluntarily let Walker at large. The plaintiff might, indeed, have sought his remedy by an action for the escape, but he is not confined to that; and, if he had sued for the escape, it would have been just as good an answer to that action, that the plaintiff' might have raised his money out of Forkner or out of the defendant as his bail, as it is an answer 1o the present action against him as bail of one debtor, that he was liable for the escape of the other debtor. The whole, wrong in this case is on the side of the defendant, according to his own evidence ; which distinguishes this case from those of
 
 Trice
 
 v.
 
 Turrentine,
 
 5 Ired. 236, and
 
 Waugh v. Hampton,
 
 5 Ired. 241, according to the grounds of decision stated in those cases. There, the creditor ordered the Sheriff
 
 *38
 
 originally not to. take one of the debtors, and the majority of the Court thought he was bound to seek payment from all the debtors, before he could go on the bail of either. Here, the creditor directed by his process all the debtors to be taken, as he was bound to do, and one of them was taken and turned loose by the Sheriff of his own accord, and without the knowledge of the creditor. Certainly, the creditor is not bound to go against the debtor a second time, before resorting to the other; for, if so, he would by successive voluntary escapes of one debtor be delayed indefinitely as against the other. Instead of the creditor ordering the Sheriff not to take one of the debtors originally on the
 
 ca. sa.
 
 in this case he only directed him not to take him a second time, after the Sheriff had once let him go out of custody.
 

 It is very clear, that the plaintiff did not, as pleaded, discharge Walker from lawful imprisonment on his execution ; and therefore, that the verdict on that issue should have been for the plaintiff. And it is equally clear, that the whole wrong in this case is on the side of the defendant, and that in justice and law he is chargeable to the plaintiff as the bail of Forkner.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.